Rodríguez Muñiz, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Jaime L. Verdiales González (en adelante, el apelante) presentó un recurso de apelación el 6 de febrero de 2001. Solicitó la revisión de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI), el 12 de diciembre de 2000, notificada el 17 de enero de 2001. Mediante la misma, se declaró no ha lugar la demanda sobre impugnación de confiscación presentada por el apelante.
Por las razones que expondremos a continuación, se revoca la sentencia apelada.
I
Los hechos esenciales de este caso no están en disputa por ninguna de las partes. El 22 de marzo de 1999, el vehículo Honda Accord, modelo 1992, que era conducido por el apelante, fue intervenido por el agente David Nieves Santiago, debido a que alegadamente éste tenía cristales con tintes oscuros. Durante la detención, el agente notó que dentro del vehículo había lo que él pensó era marihuana, por lo que procedió a arrestar al *696 apelante. Luego, realizó una inspección del vehículo y encontró dos pequeñas bolsas con picadura de marihuana.
Dicha evidencia fue trasportada a la División de Drogas de San Juan donde le realizaron la prueba de campo, arrojando positivo a la mencionada droga. La cantidad encontrada pesó 1.7 gramos, la cual, según estuvieron de acuerdo las partes, tiene un valor aproximado en el mercado de $18.00.
Por estos hechos, el apelante fue acusado por el delito de posesión de sustancias controladas, Art. 404 de la Ley de Sustancias Controladas, 94 L.P.R.A. see. 2404, y su automóvil fue confiscado. Este, según se estimó, tiene un valor de $6,000.00. El apelante hizo alegación de culpabilidad por el delito imputado y fue referido a un programa de desvío para cumplir tres (3) años en probatoria.
El 13 de abril de 1999, el apelante entabló una demanda contra el Estado Libre Asociado de Puerto Rico, en la que impugnó la confiscación del vehículo. Luego de varios trámites procesales y de descubrimiento de prueba, el apelante presentó una moción solicitando sentencia sumaria. Alegó, en síntesis, que la confiscación realizada por el Gobierno era contraria a las secciones VIII y XII del Artículo II, de la Constitución del Estado Libre Asociado de Puerto Rico, y de la Octava Enmienda de la Constitución de los Estados Unidos. En específico, que violaba las garantías constitucionales contra la imposición de multas excesivas y castigos crueles e inusitados.
La argumentación del apelante descansó en ciertos pronunciamientos del Tribunal Supremo de los Estados Unidos y de otras cortes de circuito federales, que sostienen que por mandato constitucional el valor de una confiscación debe ser proporcional a la gravedad de la ofensa cometida. En ese sentido, el apelante razonó que la confiscación de su auto por la mera posesión de una sustancia controlada cuyo valor es de aproximadamente $18.00, era inconstitucional.
El 24 de octubre de 2000, se celebró una vista en la que se discutió la moción de sentencia sumaria; las partes estuvieron de acuerdo en que no había hechos materiales en controversia. Luego de la argumentación de las partes, la moción de sentencia sumaria fue declarada no ha lugar y se decretó la desestimación de la demanda de confiscación.
Inconforme con dicha determinación, el apelante acude ante nos y señala los siguientes errores:

"PRIMER ERROR: El Honorable Tribunal de Primera Instancia, Sala de San Juan, ERRO AL DECLARAR NO HA LUGAR LA MOCION DE SENTENCIA SUMARIA PRESENTADA POR LA PARTE AQUI APELANTE.

SEGUNDO ERROR: El Honorable Tribunal de Primera Instancia, Sala de San Juan, ERRO AL NO DETERMINAR QUE LA CONFISCACION IMPUGNADA VIOLA LA PROTECCION CONSTITUCIONAL CONTRA CASTIGOS CRUELES E INUSITADOS Y MULTAS EXCESIVAS.

TERCER ERROR: El Honorable Tribunal de Primera Instancia, Sala de San Juan, ERRO AL NO RECONOCER EL CARACTER PUNITIVO DE LA CONFISCACION.

CUARTO ERROR: El Honorable Tribunal de Primera Instancia, Sala de San Juan, ERRO AL DESESTIMAR LA DEMANDA."

Por considerar que los errores alegados están íntimamente relacionados, se discutirán en conjunto.
II
En Austin v. U.S., 509 U.S. 602, 622 (1993), el Tribunal Supremo de los Estados Unidos, por primera vez determinó que la Cláusula contra la Imposición de Multas Excesivas de la Octava Enmienda de la Constitución, *697 es aplicable a los procesos de confiscaciones civiles que lleva a cabo el gobierno.
En la opinión, el Tribunal Supremo explicó que el propósito que persigue la Octava Enmienda es el de limitar el poder del gobierno para castigar, siendo la cláusula contra la Imposición de Multas Excesivas, el límite al poder gubernamental para obtener pagos de las personas, ya sean en dinero o especie, como un castigo contra un crimen. Id., a las págs. 610-09. Véase, además, Alexander v. U.S., 509 U.S. 544, 558 (1993).
A partir de dicho pronunciamiento jurisprudencial, en los casos en que se haya producido una confiscación, la pregunta de umbral para determinar si dicha cláusula es aplicable, es si él propósito de la confiscación es uno punitivo. Austin, supra, a la pág. 601. Una vez se determina que la confiscación constituye un pago al Gobierno como castigo por un crimen, la misina se considera punitiva, y estará sujeta a las limitaciones que impone la Octava Enmienda.
“We therefore conclude that forfeiture under those provisions constitutes 'payment to a sovereign as punishment for some offense,' and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause. ” Id., a la pág. 622 (citas omitidas).
El caso de U.S. v. Bajakajian, 524 U.S. 321, 327-28 (1998), ofrece un resumen de lo decidido por el Tribunal Supremo en Austin:

"We have explained that at the time the Constitution was adopted, the word 'fine' was understood to mean a payment to a sovereign as a punishment for some offense. The Excessive Fines Clause thus limits the government's power to extract payment whether in cash or kind, 'as punishment for some offense.' Forfeitures - payments in kind- are thus 'fines' if they constitute punishment for an offense." 

En el caso de Austin, el Tribunal Supremo declinó establecer criterios específicos para determinar cuándo se considerará que una confiscación es constitucionalmente excesiva, dejando la consideración de ese asunto a las cortes inferiores. Id., a las págs. 622-23. 
Sin embargo, en Bajakajian, aunque el Tribunal Supremo tampoco estableció normas específicas, sí adelantó otro paso al dejar en claro, que tiene que existir una correspondencia de tipo proporcional, entre lo confiscado y la gravedad del crimen cometido. Entendió el Tribunal Supremo que el criterio general que se debe observar para determinar si la confiscación viola la cláusula, es si ésta es "crasamente desproporcionar con respecto a la gravedad del crimen cometido. Id., a la pág. 334.

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality. The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. We now hold that a punitive forfeiture violates the Excessive Fines Clauses if it is grossly disproportional to the gravity of a defendant's offense. ” Id. 

De otra parte, en un caso posterior, el Tribunal Supremo reconoce con respecto al análisis requerido en este tipo de asuntos, que el límite constitucional es uno inherentemente impreciso, es decir, no es uno que se pueda fijar usando una simple fórmula matemática. Cooper Industries, Inv. v. Leatherman Tool Group, Inc. No. 99-2035, 2001 U.S. Lexis 3520, a la pág. 21 (Stevens, J., mayo 14 de 2001). No obstante, el más alto foro federal manifestó en Cooper Industries, supra, que la determinación con relación a si dicho límite ha sido rebasado, se ha enfocado en ciertos criterios de tipo general; estos son:
"[l)j the degree of the defendant's reprehensibility or culpability, see, e.g., Bajakajian, 524 U.s. at 337; [2)J the relationship between the penalty and the harm to the victim caused by the defendant's actions, see, e.g., Bajakajian, 524 U.S. at 339; [3)j and the sanctions imposed in other cases for comparable misconduct, see, e.g., Bajakajian, 524 U.S. at 340-343. [4)j Moreover, and of greatest relevance for the issue we address today, in each of these cases we have engaged in an independent examination of the relevant criteria. See, e.g., Bajakajian, 524 *698 U.S. at 337-344; Gore, 517 U.S. at 575-586; Solem, 463 U.S. at 295-300; Enmund, 458 U.S. at 788-801; Coker, 433 U.S. at 592-600. Cooper Industries, supra, a las págs. 21-22 (algunas citas han sido omitidas)”.
El Tribunal Supremo, en el caso de Bqjakajian, al hacer su determinación de que la confiscación allí impugnada era crasamente desproporcional, consideró si el crimen cometido estaba relacionado a otras actividades ilegales, los diferentes tipos de castigos a los cuales estaba sujeto el individuo por el delito cometido, y el daño causado por la realización del delito. Bajakajian, supra, a las págs. 337-40, nn. 12-14. 
En Puerto Rico, la Ley Uniforme de Confiscaciones de 1988, según enmendada, 34 L.P.R.A. see. 1723, es una de carácter civil o in rem, y la misma sido caracterizada por el Tribunal Supremo de Puerto Rico como de tipo punitivo. Alicia Negrón Placer v. Secretario de Justicia, 2001 J.T.S. 66, 1198, Op. de 2 de mayo de 2001; Del Toro v. E.L.A., 136 D.P.R. 973, 987 (1994).
En el caso de Negrón Placer, nuestro Tribunal Supremo expresó lo siguiente acerca de dicha Ley:

"La intención de esta Ley es evitar que el vehículo o la propiedad confiscada pueda volverse a utilizar para fines ilícitos, y sirve de castigo adicional para disuadir a los criminales. Reiteradamente se ha establecido que el procedimiento de confiscación en la Ley Uniforme de Confiscaciones de 1988, supra, es de carácter civil o in rem; es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta. Dicho procedimiento persigue y refleja un propósito punitivo. Negrón Placer, supra, en lapág. 1198 (escolios omitidos)."

III
En la sentencia apelada, el TPI no atendió ninguno de los planteamientos de carácter constitucional que argumentó el apelante. Es solamente en la minuta de 24 de octubre de 2000, que se puede advertir que el TPI sí tuvo en cuenta lo argumentado por el apelante. De ésta surge que el Tribunal erró al considerar que se trataba de una impugnación constitucional de la Ley de Confiscaciones, cuando lo solicitado por el apelante fue la impugnación de la confiscación propiamente.
En atención al derecho previamente expuesto, siendo la Ley de Confiscaciones una de carácter punitivo, el TPI debió reconocer que las confiscaciones que en virtud de ésta se autoricen, pueden ser atacadas mediante planteamientos de "crasa desproporcionalidad", a tenor con la jurisprudencia interpretativa de la Cláusula Contra la Imposición de Fianzas y Multas Excesivas. En el caso ante nos, esa era la controversia que le fue presentada al TPI, la cual debió atender. En ese sentido, erró el Tribunal al desestimar la demanda sin hacer el examen de proporcionalidad aplicable.
Una vez devuelto el caso, el TPI deberá considerar los hechos del mismo a la luz de las normas establecidas por el Tribunal Supremo de los Estados Unidos que han sido expuestas en esta opinión y de cualesquiera otros criterios que estime conveniente aplicar.
Por los fundamentos anteriormente expuestos, se revoca la, sentencia apelada y se devuelve el caso al foro de instancia para la continuación de los procedimientos en forma consistente con lo aquí resuelto.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2002 DTA 13
1. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel unusual punishment inflicted." VIII Enm. Const. E.E.U.U. Dicha enmienda tiene su contraparte en el último párrafo de la Sección 11 del Artículo II de la Constitución *699 del Estado Libre Asociado. La Octava Enmienda, al igual que aquellas otras garantías fundamentales (Enmiendas I a VIII), que otorga la Constitución Federal, se aplica a Puerto Rico. 1 Ernesto L. Chiesa, Derecho Procesal Penal, sec. 1.1, a las págs. 36-39 (1991).
2. El caso de Bajakajian aclaró además, que si la confiscación sirve propósitos remediales, pero a su vez la misma es punitiva, estará sujeta también, a escrutinio bajo la cláusula contra la imposición de multas excesivas. Bajakajian, supra, n. 4.
3. La negativa del Tribunal Supremo de los Estados Unidos para establecer guías con respecto a un análisis bajo la Octava Enmienda, provocó que los tribunales inferiores no pudieran llegar a un consenso con respecto a la aplicación de un test para determinar si una confiscación era constitucionalmente excesiva. Se produjeron múltiples análisis, los cuales se pueden agrupar básicamente en dos categorías: (1) el análisis de instrumentalidad, (2) y el análisis de proporcionalidad. Para una elaborada descripción de estos enfoques y su origen, véanse los siguientes casos: United States v. Real Property Located At 221 Dana Ave., 81 F. Supp. 2d 182, 190-192 (2000); United States v. The Real Property With Any Improvements Thereon Located At 40 Clark road, 52 F. Supp. 2d 254, 266-67 (1998).
El análisis de instrumentalidad esencialmente se dirige a determinar si existe una conexión substancial entre los alegados actos criminales cometidos y la propiedad sujeta a confiscación. Por su parte, el análisis de proporcionalidad compara lo severa de la confiscación con la gravedad del crimen cometido. Véase 221 Dana Ave., supra, a la pág. 190. Existen también aplicaciones de estos dos criterios de un modo híbrido. Id.; United States v. Milbrand, 58 F.3d 841-847 (2do. Cir. 1995).
4. El Prof. Barry L. Johnson considera que el énfasis prestado al elemento de proporcionalidad en la opinión mayoritaria en Bajakajian, representa un rechazo al criterio de instrumentalidad adelantado por el Juez Scalia en su opinión concurrente en Austin. 509 U.S. 602 (1993). Barry L. Johnson, Purging the Cruel and Unusual: the Autonomuos Excessive Fines Clause and Desert-Based Constitutional Limits of Forfeiture After United States v. Bajakajian, U. III. L. Rev. 461, 485, n. 154 (2000). Nótese, además, la indiferencia prestada por el Tribunal Supremo en Bajakajian, para esclarecer los conflictos doctrinales existentes en los circuitos que han atendido impugnaciones de confiscaciones bajo la Cláusula contra la Imposición de Multas Excesivas. El Juez Thomas, al redactar la Opinión de la Corte, no pasó juicio sobre si es correcto un análisis de instrumentalidad bajo la Cláusula. Considérese además One 1995 Toyota Pick Up Truck v. District of Columbia. 718 a. 2d 558, 564 (1998) ("The Supreme Court in Bajakajian rejected the two-part analysis [de instrumentalidad y proporcionalidad] applied by the Ninth Circuit, instead opting for a pure proportionality test to weigh the excessiveness of a fine under the Eighth Amendment.")
5. En este caso se trataba de una convicción por no informar a las autoridades federales que transportaba una suma en exceso de $10,000.00 fuera de los Estados Unidos. 31 U.S.C. see. 531 (a) (1) (A).
6. Con posterioridad a la decisión del Tribunal Supremo en Bajakajian, algunas cortes han descansado en la consideración de esos tres factores al examinar si la confiscación es crasamente desproporcional. United States v. Ahmad, 213 F. 3d 805, 813 (4to. Cir. 2000); United States v. 3814 N.W. Thurman Street, Portland, Oregon, A Tract Of Real Property, 164 F. 3d 1191, 1197-99 (9no. Cir. 1999) (declarando que viola la cláusula contra la Imposición de Multas Excesivas la confiscación de una residencia con un valor mayor a los $200,000.00 por el delito de realizar una declaración falsa en una solicitud de préstamo); United States v. Beras, 183 F.3d 22, 29 (1999); One 1995 Toyota Pick Up Truck, supra, 718 a. 2d 558, 565-66 (considerando como crasamente excesiva la confiscación de un vehículo de transporte valorado en $15,000.00 por el delito de solicitación sexual).